UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JEREMY BEHLMANN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:25-cv-00081-HEA |
| AUDRAIN COUNTY, MISSOURI, | ) ) ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER OF REMAND**

Self-represented Plaintiff Jeremy Behlmann filed this removal of three criminal actions from the Audrain County Circuit Court. Because there is no statutory basis for Plaintiff to remove these state prosecutions to federal court, this matter will be summarily remanded.

In Plaintiff's two-page notice of removal, he states that in 2020 he was charged with speeding and CBD possession by the Mexico Public Safety Department in Mexico, Missouri. Doc. [1] at 2; *State v. Behlmann*, No. 20AU-CR00622 (12th Jud. Cir. Ct. 2020). He states that he now faces three state court cases, and the state court judge ordered him to sit for a mental examination. *See State v. Behlmann*, No. 20AU-CR006543 (12th Jud. Cir. Ct. 2020); *State v. Behlmann*, No. 20AU-CR00981 (12th Jud. Cir. Ct. 2020). According to Plaintiff, he was found to be incompetent after a mental examination conducted via video

conference. Plaintiff questions the legality of this mental examination. The results of the examination were filed in the three cases on November 17, 2025.

Plaintiff attempts to remove these state charges to federal court pursuant to 28 U.S.C. § 1455, which governs the removal of state criminal actions to federal district courts:

> (a)   Notice of removal.—A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b)   Requirements.—(1) A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

28 U.S.C. § 1455.

Section 1455 does not, itself, provide a substantive basis for removal jurisdiction, but merely sets forth the procedural requirements for removing a criminal case from state court. Plaintiff has not met the requirements of subsections (a). He has not submitted a copy of the state court file. Nor has he met the 30-day statutory deadline or suggested any "good cause" for why his notice of removal was filed five years late.

Additionally, Title 28 U.S.C. § 1443 states, in relevant part:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

28 U.S.C. § 1443.

To demonstrate that removal is proper under § 1443(1), the removing party must show (1) "that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality" and (2) "that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quotations omitted). "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice" for removal under § 1443(1). *Id.*

Plaintiff satisfies neither prong of this test. His notice of removal makes no mention of race or any laws stated in terms of racial equality. With respect to the second prong, there are no allegations offered by Plaintiff from which the Court could conclude that the state court cannot vindicate his federal constitutional rights.

Plaintiff merely asserts that he is being held on three cases from the Audrain County Circuit Court and a doctor declared him incompetent after a mental examination conducted via video conference.

"If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).  For these reasons, the Court summarily remands this matter to Audrain County Circuit Court.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **REMANDED** to the Audrain County Court.

**IT IS FURTHER ORDERED** that the Clerk shall forward a certified copy of this Order to the Audrain County Court, with reference to *State v. Behlmann*, Nos. 20AU-CR00622, 20AU-CR00643, and 20AU-CR00981.

Dated this 19th day of November, 2025.

                                               HENRY EDWARD AUTREY
                                        UNITED STATES DISTRICT JUDGE